FILED
United States Court of Appeals
Tenth Circuit

February 11, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**
_____

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff - Appellee,

v.

BIRTE BOOCK and
IRWIN BOOCK

      Defendant - Appellant.

No. 18-1321
(D.C. Nos. 00-cv-1921-LTB-PAC and
1:00-CV-01921-LTB-PAC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MCHUGH**, and **CARSON**, Circuit Judges.[**]
_____

Pro se Defendants Birte Boock and Irwin Boock[1] appeal from the district court's

denial of their motions for reconsideration of the district court's 2018 order on their

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Defendants are proceeding pro se, we review their pleadings and filings liberally.  See Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

Federal Rule of Civil Procedure ("Rule") 60(b) motions.[2]  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm the district court's denial of Defendants' motions for

reconsideration.

## I.

In 2000, Plaintiff the Securities and Exchange Commission ("SEC") filed this civil

action in the district court, alleging that Defendants and Leah Industries, Inc. committed

securities fraud by misrepresenting Leah Industries' relationships with international

accounting firms while selling Leah's stock.  In 2002, the district court entered a default

judgment against Leah Industries.  Meanwhile, the Boocks settled and entered into

Consent Agreements.  Following the entry of the Consent Agreements, the Boocks filed

Rule 60(b) motions.  In those motions, they argued that the district court should relieve

them of the Consent Agreements based on Birte Boocks' alleged "Post Traumatic Stress

Syndrome."  The district court denied the initial Rule 60(b) motions in 2003.  The

Boocks did not appeal.

---

[2] Defendants' joint notice of appeal designates the order they seek to appeal as the order denying Irwin Boocks' motion for reconsideration.  It fails to designate the similar order denying Birte Boocks' motion for reconsideration.  We note Birte Boocks filed a motion to reconsider the district court's denial of her application to proceed *in forma pauperis* on appeal within the thirty days after the district court denied her motion for reconsideration. Because Birte Boocks is proceeding pro se, we construe her pleadings and filings liberally.   We thus construe her motion to reconsider the denial of her motion for leave to appeal *in forma pauperis* as the functional equivalent of a notice of appeal.  See, e.g., Smith v. Barry, 502 U.S. 244, 248–49 (1992) (concluding a document filed within the time specified in Federal Rule of Appellate Procedure 4 that gives notice required by Federal Rule of Appellate Procedure 3 may be construed as the "functional equivalent" of a notice of appeal); see also Fleming v. Evans, 481 F.3d 1249, 1253–54 (10th Cir. 2007) (concluding that an *in forma pauperis* motion may be construed as the "functional equivalent" of a notice of appeal).

In 2017, the Boocks filed a second pair of Rule 60(b) motions. This time the Boocks again raised Birte Boocks' alleged "Post Traumatic Stress Syndrome." They also asserted new allegations that the SEC failed to disclose a witness's misconduct—specifically, embezzlement—and that the district judge was biased against them for being Canadian.[3] In denying the motions and the subsequent motions for reconsideration, the district court generally held that the Boocks did not make their motions within a reasonable time as required by Rule 60(c). The district court also concluded that the motions lacked merit based on a lack of evidence. On appeal, the Boocks raise the same arguments that they presented to the district court.

II.

A.

A district court "has substantial discretion to grant relief as justice requires under Rule 60(b)." Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). Accordingly, we reverse the district court's ruling on a Rule 60(b) motion only when the district court engages in a "manifest abuse of discretion." Sec. Mut. Cas. Co. v. Century Cas. Co., 621 F.2d 1062, 1068 (10th Cir. 1980). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Fed. Deposit Ins. Corp., 152 F.3d at 1272.

---

[3] Defendants also argued to the district court that because they violated a provision of the consent agreements, the Consent Agreements no longer stand. The district court noted that the SEC does not seek to vacate the final judgments for any violations. As a result, they are not void. Defendants did not appeal this holding.

3

In contrast, where a party moves for relief on the basis that a judgment is void pursuant to Rule 60(b)(4), we apply the de novo standard of review. Marcus Food Co. v. DiPanfilo, 671 F.3d 1159, 1166 (10th Cir. 2011). Where a party properly invokes Rule 60(b)(4), "relief is not a discretionary matter" but instead is "mandatory." Id.

Rule 60(c)(1) provides that a party must make Rule 60(b) motions "within a reasonable time." Fed. R. Civ. P. 60(c)(1). We have ruled, however, that any time period preceding the filing of a Rule 60(b)(4) motion is reasonable as a matter of law because such a motion claims that the underlying judgment is void *ab initio*. V.T.A. Inc. v. Airco, Inc., 597 F.2d 220, 224 n.9 (10th Cir. 1979). Regardless, a motion under Rule 60(b)(4) "is not a substitute for a timely appeal." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). Indeed, "the concept of setting aside a judgment on voidness grounds is narrowly restricted" in the "interest of finality." V.T.A. Inc., 597 F.2d at 225.

B.

The district court did not err in denying the Rule 60(b) motions regarding the Boocks' argument that Birte Boock suffered from post-traumatic stress syndrome, which in turn tainted the Consent Agreements. The Boocks first brought this argument in their 2003 Rule 60(b) motions and the Boocks did not appeal the ruling. A successive Rule 60(b) motion is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "Absent extraordinary circumstances, not present here, the basis for the second motion must not have been available at the time the first motion

4

was filed." Id. Because the basis for this relief was available to the Boocks when they brought their first motion, the district court properly denied the second Rule 60(b) motion on this ground.

C.

The district court also did not err in denying the Boocks' motions to the extent they invoked Rule 60(b)(4). The Boocks first assert the Consent Agreements are void because the SEC knew that "their chief witness" had embezzled funds from Leah Industries and the SEC did not reveal that fact to the Court and to the Boocks. The Boocks additionally allege the SEC was aware of these stolen funds, yet accused the Boocks of having these funds as gain.

The Boocks posited to the district court that new evidence proved malicious prosecution by the SEC. They did not, however, provide the district court with the alleged new evidence.[4] We agree with the district court that the Boocks have failed to show the SEC lacked probable cause to initiate the action against them or that the SEC harbored malice towards them.

Second, the Boocks contend the Consent Agreement is void because the district judge displayed bias against them when he allegedly referred to them as "UnAmerican due to [their] Canadian attorney not complying with a request that was against Canadian

---

[4] Perhaps aware of this deficiency, on February 5, 2019, the Boocks filed a motion in this Court for discovery pursuant to Rule 37. Specifically, the Boocks request evidence that they believe will show that Plaintiff committed a fraud upon the Court. Even if the SEC has the information Plaintiff now seeks, "new evidence not submitted to the district court is not properly part of the record on appeal." Utah v. U.S. Dept. of Interior, 535 F.3d 1184, 1195 n.7 (10th Cir. 2008). We deny the Boocks' February 5, 2019 motion.

Rules of Procedure." The district court noted the last exchange it had with the Boocks occurred in 2003. The Boocks have not cited to any actual evidence regarding this alleged exchange in which the district judge referred to them as "un-American." Accordingly, we agree with the district court that the Boocks have failed to present any evidence showing the Consent Agreements are void.[5]

### III.

Accordingly, we AFFIRM.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[5] For substantially the reasons stated by the district court, we conclude this appeal is not taken in good faith and that the Boocks have failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. Therefore, we deny the appellants' motion seeking leave to proceed *in forma pauperis* on appeal. Rolland v. Primesource Staffing, L.L.C., 497 F.3d 1077, 1079 (10th Cir. 2007) (citing 28 U.S.C. § 1915(a)(3), (e)(2)).